## LEEDS v. LOUD.

### March 24, 1838.

*Appeal from taxation of costs.*

1. Mileage is allowed to witnesses *only* for each mile circular in travelling *from the line of the State*, in the usual and ordinary route of travelling between the witness's place of residence, and the place of holding the court.

2. The cost of exemplifications of office papers, where the papers were rejected on the trial, not allowable in the bill of costs.

3. *Qu.?* If such costs for exemplifications are allowable at all.

IN this case the defendant filed the following bill of costs,—

| | |
|---|---:|
| " To paid H. Evert's travelling expenses from Troy, New York, and back, - - - - | $30 00 |
| H. Evert's one day's attendance as witness, - - | 50 |
| Exemplification from office of recorder of deeds, - - | 1 00 |
| "               "       chancery record, N. Jersey, | 8 00 |
| "               "       mortgage, &c. from New Brunswick, - - - - - | 3 50 |
| Expenses of messenger to New Brunswick and Trenton, | 8 20 |
| | $51 20" |

The above bill was rejected by the prothonotary on taxation, with the exception of one day's attendance at court by H. Everts, sixty-two and a half cents.

The defendant appealed from the taxation of the prothonotary. The first item, thirty dollars, was the sum paid by defendant to a witness brought from Troy, New York, expressly as a witness,— the same sum being less than a commission to take the evidence at Troy would have cost.

The four last items were for money paid by the defendant for exemplification of office papers to be used in evidence on the trial. The papers were rejected by the court on the trial as incompetent evidence.

*C. Ingersoll,* for defendant.
*G. M. Wharton,* contra.

[Leeds v. Loud.]

The opinion of the court was delivered by

PETTIT, *President.*—There is nothing in the fee bill which will justify the charge of thirty dollars for a witness's travelling expenses from Troy, in the State of New York, and back. Nor can the court, under their general powers, allow such an item. The practice has been uniform to allow mileage only for each mile circular in travelling to and from the line of our own State, in the usual and ordinary route of travelling between the witness's place of residence and the place of holding the court. A similar rule has been recognized in Massachusetts in the absence of any specific statutory regulation. Nelvin *v.* Whiting, 13 *Pickering,* 190.

The documents referred to in the last four items of the defendant's bill, were rejected by the court, on the trial, as incompetent evidence. The party offering them has obtained the verdict without them, and he must abide, on that point, by the only test which could be applied. Without then stating any general rule as to the expense of exemplifications of office papers, it is plain for the reason given, that the claim now made must be rejected. The taxation of the prothonotary is confirmed, with leave, however, to the defendant to file a claim for mileage for the witness.